UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZOE BARBARA WALSH,<br><br>        Plaintiff,<br><br>   v.<br><br>HOME DEPOT U.S.A., INC., DOES 1 thru 50,<br><br>        Defendants. | No. C-06-4207 SC<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO AMEND AND REMAND |

## I. INTRODUCTION

Before the Court is a Motion by Plaintiff Zoe Barbara Walsh ("Plaintiff" or "Walsh") for Leave to Amend Complaint and Remand Action to the California Superior Court. Defendant Home Depot U.S.A., Inc. ("Defendant" or "Home Depot") has opposed the Motion. For the reasons stated herein, the Court GRANTS the Motion to Amend and Remand.

## II. BACKGROUND

On January 23, 2006, Walsh filed a Complaint against Home Depot in Alameda County Superior Court. See Compl., Not. Of Removal, Ex. A. The Complaint alleges eight causes of action in four general categories: that Home Depot (1) violated the

California Labor Code, §§ 201, 203, 219, 226, 512, 558, by failing to pay Walsh for working overtime and during her lunch period, (2) violated the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12900 et seq., by creating a hostile work environment, (3) wrongfully terminated Walsh, and (4) violated the California Business and Professions Code § 17200, by repeatedly breaching state law. See Compl., Not. of Removal, Ex. A at ¶¶ 13, 17, 23-26, 30, 34-36, 46, 49-50. All claims are state law claims. Defendant answered the complaint on February 10, 2006. See Answer, Not. Of Removal, Ex. B. On March 21, 2006, Plaintiff dismissed the Complaint as to co-defendant Greg Ulhorn, one of her supervisors. See Not. of Removal, Ex. E. On July 7, 2006, Defendant removed the case to this Court. See Not. of Removal. On August 7, 2006, Plaintiff moved to amend the complaint and remand the case to state court. See Mot. to Amend and Remand.

In her Motion to Amend, Plaintiff seeks to substitute Steve Nordstrom for Doe No. 1 and add several causes of action, including one against Nordstrom and Home Depot for retaliation. Plaintiff states that discovery has revealed that Nordstrom, not Ulhorn, is the manager responsible for creating the hostile work environment and firing her in retaliation for complaining about the conditions at Home Depot. See Proposed First Amended Complaint ¶¶ 33-37, 44-46. Walsh contends that after amendment, this matter must be remanded to state court because Plaintiff and Nordstrom are both residents of California, which destroys complete diversity. See Mot. to Amend and Remand.

2

**III. PLAINTIFF'S MOTION TO AMEND COMPLAINT**

    **A. Legal Standard**

A plaintiff may amend a complaint once as a matter of course at any time before a responsive pleading is served. Fed.R.Civ.P. 15(a). If a defendant has already answered the complaint, plaintiff may amend the complaint only by leave of court or by written consent of the other party; "and leave shall be freely given when justice so requires." Id. After a responsive pleading has been served, Plaintiff's motion to amend is governed by 28 U.S.C. § 1447(e), which states:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

Congress added subsection (e) to § 1447 with the express purpose of taking advantage of the opportunity to permit remand if a plaintiff seeks to join a diversity-destroying defendant after removal. See H.R.Rep. No. 889, 100th Cong., 2d Sess. 72-73, reprinted in 1988 U.S.C.C.A.N. 6033. In practice, "[j]oinder coupled with remand may be more attractive than either dismissal under civil rule 19(b) or denial of joinder." Righetti v. Shell Oil Co., 711 F.Supp. 531, 534 (N.D. Cal. 1989). Section 1447(e) is permissive and "clearly gives the district court the discretion to deny [or permit] joinder." Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir. 1998).

Courts have discretion to consider the following factors when deciding whether to allow amended complaints that add non-diverse defendants: (1) whether the party sought to be joined is needed

3

for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been an unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.  See Lopez v. General Motors Corp., 697 F.2d 1328, 1332 (9th Cir. 1983) (discussing both Rule 19 and the timeliness of the motion); Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351-52 (1988) (discussing statute of limitations issues); Clinco v. Roberts, 41 F.Supp.2d 1080, 1082-83 (C.D. Cal. 1999) (considering whether the new claims seem valid); Desert Empire Bank v. Ins. Co. of N. Am., 623 F.2d 1371, 1376 (9th Cir. 1980) (analyzing plaintiff's motive for seeking joinder); Newcombe, 157 F.3d at 691 (discussing potential prejudice to the plaintiff); IBC Aviation Serv., Inc. v. Compania Mexicana de Aviacion, 125 F.Supp.2d 1008, 1011-13 (N.D. Cal. 2000) (presenting a complete § 1447(e) analysis); Palestini v. General Dynamics Corp., 193 F.R.D. 654, 657-58 (S.D. Cal. 2000) (same).

**B. Analysis**

**1. Whether Nordstrom should be joined**

Federal Rule of Civil Procedure 19(a) requires joinder of persons whose absence would preclude the grant of complete relief, or whose absence would impede their ability to protect their interests or would subject any of the parties to the danger of

1  inconsistent obligations.  Necessary parties are those "having an
2  interest in the controversy, and who ought to be made parties, in
3  order that the court may act on that rule which requires it to
4  decide on and finally determine the entire controversy, and do
5  complete justice, by adjusting all the rights involved in it."  <u>CP</u>
6  <u>Nat'l. Corp. v. Bonneville Power Admin.</u>, 928 F.2d 905, 912 (9th
7  Cir. 1991) (quoting Shields v. Barrow, 58 U.S. (17 How.) 130, 139,
8  (1854)).  An entity's status as a necessary party is determined in
9  the context of the particular litigation.  <u>Id</u>.  This standard is
10 met when failure to join will lead to "unnecessary and repetitive
11 litigation."  <u>Id</u>.

12     Although courts consider whether a party would meet the Rule
13 19 standard for a necessary party, the standard for amendment
14 under § 1447(e) is less restrictive than for joinder under Rule
15 19. <u>See</u> <u>Righetti</u>, 711 F.Supp. at 535 (discussing Congress' intent
16 to create a more flexible doctrine).  Yet, under § 1447(e) courts
17 do not allow joinder of non-diverse defendants where those
18 defendants are only tangentially related to the cause of action or
19 their absence would not prevent complete relief.  <u>See, e.g.</u>, <u>Red</u>
20 <u>Buttons v. National Broadcasting Co.</u>, 858 F.Supp. 1025, 1027 (C.D.
21 Cal. 1994) (disallowing amendment to add non-diverse defendants
22 who were not involved with the production).

23     Walsh asserts that Steve Nordstrom was the Home Depot
24 supervisor responsible for creating a hostile work environment and
25 firing Walsh in retaliation for complaints about the allegedly
26 discriminatory workplace.  Walsh contends that Nordstrom and his
27 subordinates made derogatory jokes and comments of a sexual nature

that harmed Walsh. As regional manager, Nordstrom supervised the employees allegedly engaging in this conduct. He also had the authority to control their behavior and to fire Walsh. Nordstrom's absence would likely cause repetitive litigation because he is related to the cause of action. Denying Plaintiff's Motion to Amend would hinder Plaintiff from asserting her rights against an employee directly involved in the alleged discriminatory conduct.

### 2. The statute of limitations

"[A] remand generally will be preferable to a dismissal when the statute of limitations on the plaintiff's state-law claims has expired before the federal court has determined that it should relinquish jurisdiction over the case." Carnegie-Mellon, 484 U.S. at 351-52. Even though Plaintiff does not argue that a separate action against Nordstrom in state court would be time-barred, requiring Plaintiff to litigate essentially the same issues in state and federal court would waste judicial resources and risk inconsistent results.

### 3. Whether the motion is timely

When determining whether to allow amendment to add a non-diverse party, courts consider whether the amendment was attempted in a timely fashion. See Lopez, 697 F.2d at 1332 (discussing the circumstances and timing of plaintiff's motion to amend). In this case, Walsh filed the Complaint on January 23, 2006 and dismissed Ulhorn on March 21, 2006. Defendant answered interrogatories on May 5, 2006 and then filed for removal on July 7, 2006. Plaintiff filed the Motion to Amend on August 7, 2006, asserting that

6

1  "investigation and discovery has revealed" the identity of the
2  supervisor who created the hostile environment.  Mot. to Amend and
3  Remand.  Defendant contends that Plaintiff has not provided an
4  explanation for the seven-month delay between the filing of the
5  Complaint and the Motion to Amend.  See Def.'s Opp'n to Pl.'s Mot.
6  to Amend.

7  Defendant's argument that the delay in this case is analogous
8  to the delay in Lopez is unfounded.  In Lopez, the filing of the
9  motion to amend was "more than six months after the action was
10 removed" and nine months after the original complaint.  697 F.2d
11 at 1332.  In this case, the filing of the Motion to Amend was only
12 one month after removal and seven months after the original
13 complaint.  In light of Lopez, this Court finds that Plaintiff did
14 not delay unreasonably in filing the Motion to Amend.

### 4. Plaintiff's motive for joinder

16 "[T]he motive of a plaintiff in seeking the joinder of an
17 additional defendant is relevant to a trial court's decision to
18 grant the plaintiff leave to amend his original complaint."
19 Desert Empire Bank, 623 F.2d at 1376.  However, courts view
20 plaintiffs' motives with less suspicion in light of § 1447(e),
21 which "takes advantage of the opportunity opened by removal from a
22 state court to permit remand if a plaintiff seeks to join a
23 diversity-destroying defendant after removal."  Righetti, 711
24 F.Supp at 534.  Defendant has not produced evidence demonstrating
25 that Plaintiff's motive is improper.  Plaintiff asserts that only
26 recently did she discover that Nordstrom was responsible for the

7

1 allegedly hostile work environment.  This motive is reasonable in
2 light of the facts of the case.

### 5. Validity of the new claims

Under the § 1447(e) analysis, courts evaluate whether the new claims seem to have merit.  See Goodman v. Travelers Ins. Co., 561 F.Supp. 1111, 1113-14 (N.D. Cal. 1983) (discussing the validity of new claims against previously unnamed defendants).  Defendant insists that Plaintiff's new claims are not valid.  First, Defendant asserts that Plaintiff failed to exhaust her administrative remedies because she did not receive a right to sue letter specifically naming Steve Nordstrom from the Department of Fair Employment and Housing.  See Def.'s Opp'n to Pl.'s Mot. to Amend.  However, courts liberally construe administrative charges, especially when parties should have anticipated their involvement in a suit.  See Chung v. Pomona Valley Cmty. Hosp., 667 F.2d 788, 792 (9th Cir. 1982).  In this case, Nordstrom should have been able to anticipate being named in a suit by Walsh against Home Depot and Ulhorn because Nordstrom was one of Walsh's supervisors and was involved in the decision to fire her.  Thus, Plaintiff has fulfilled her administrative obligation.  Second, under the facts as alleged, Plaintiff has stated valid claims against Nordstrom for sexual harassment and retaliation under California Government Code § 12940.  Her allegations contain the requisite elements of these causes of action.  Third, Plaintiff's claims that Home Depot and Nordstrom committed breach of contract and breach of the covenant of good faith and fair dealing seem valid.  Courts analyze these claims based on "the totality of the circumstances

8

1  'to determine whether the parties' conduct, considered in the
2  context of surrounding circumstances, gave rise to an
3  implied-in-fact contract limiting the employer's termination
4  rights.'" Brother Records, Inc. v. Jardine, 318 F.3d 900, 910
5  (9th Cir. 2003) (quoting Guz v. Bechtel Nat'l, Inc., 8 P.3d 1089,
6  1101 (Cal. 2000)).  Based on the allegations contained in the
7  proposed First Amended Complaint, Plaintiff has stated valid
8  claims for these causes of action because she asserts that
9  "written, oral and implied agreements" dictated that she would
10 only be fired for cause.  Pl.'s Reply to Opp'n to Mot. to Amend.
11 In light of the circumstances, Plaintiff's new claims against
12 Nordstrom and Home Depot seem to have merit.

### 6. Prejudice to Plaintiff's case

Denying Plaintiff's Motion to Amend would require her either to abandon the potential claims against Nordstrom or to commence redundant litigation in state court.  Furthermore, allowing Plaintiff's Motion would not prejudice Home Depot because discovery is still at an early stage.

**IV. PLAINTIFF'S MOTION TO REMAND**

Once this Court grants the Motion to Amend, remand is mandatory.  "[A]lthough the district court's decision to allow joinder of the non-diverse defendants was a discretionary decision, once the non-diverse defendants were joined remand became mandatory." Stevens v. Brink's Home Security, 378 F.3d 944, 949.  The addition of Steve Nordstrom, a California resident,

9

as a defendant destroys complete diversity.  Thus, this court must remand the action under 28 U.S.C. § 1447(c).

**V. CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Leave to Amend Complaint and Remand Action to the California Superior Court is GRANTED.  The court orders that this matter be REMANDED to the Superior Court of California, County of Alameda.

IT IS SO ORDERED.

Dated: October 6, 2006



UNITED STATES DISTRICT JUDGE

10